STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>REAL MONEY SPORTS, INC., a Florida for-profit corporation; and ADAM H. MEYER, an individual,<br><br>Defendant. | Case No.: 2:10-cv-00734<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Real Money Sports, Inc. ("Real Money") and Adam H. Meyer ("Mr. Meyer;" collectively with Real Money known herein as the "Defendants") on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Real Money is, and has been at all times relevant to this lawsuit, a for-profit corporation with its principal place of business in Florida.

5. Mr. Meyer is, and has been at all times relevant to this lawsuit, identified as the president and chief executive officer of Real Money.

6. Real Money is, and has been at all times relevant to this lawsuit, identified as the owner of the Internet domain found at <adamwins.com> (the "Domain").

7. Real Money is, and has been at all times relevant to this lawsuit, in administrative control of the content accessible through www.adamwins.com (the content accessible through the Domain and the Domain itself, collectively known herein as the "Website").

**JURISDICTION**

8. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

9. Real Money purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

10. Mr. Meyer purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

11. Righthaven is the copyright owner of the literary work entitled "$1 million wager on game approved" (the "Work"), attached hereto as Exhibit 1.

12. The Defendants copied, on an unauthorized basis, a significant and substantial portion of the Work from a source emanating from Nevada.

13. On or about February 7, 2010, the Defendants displayed and continue to display, an unauthorized version of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

14. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

15. The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work at the Website.

16. The Defendants' unauthorized reproduction of a Righthaven-owned copyrighted work found on the Website was and is purposefully targeted to Nevada residents.

17. The Defendants' contacts with Nevada are systematic and continuous because the Defendants publish, on the Website, content emanating from Nevada, originally published in Nevada daily newspapers.

18. Mr. Meyer's contacts with Nevada are systematic and continuous because the Website advertises that Mr. Meyer is the "biggest star in Las Vegas."

19. Mr. Meyer's contacts with Nevada are systematic and continuous because the Website displays a Las Vegas, Nevada local television news video segment where Mr. Meyer was interviewed and claimed that Mr. Meyer has been "out here," alluding to Las Vegas, Nevada, for "two decades."

## **VENUE**

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because Mr. Meyer may be found in Nevada.

22. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because Real Money is subject to personal jurisdiction in Nevada.

## **FACTS**

23. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

24. Righthaven is the copyright owner of the Work.

25. The Work was originally published on February 7, 2010.

26. On April 30, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138813 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

27. As of May 18, 2010, Real Money owns the Website.

28. As of May 18, 2010, Real Money's agent, Domains by Proxy Inc., is identified as the registrant, administrator, and technical contact for the Website.

29. At all times relevant, Real Money or Real Money's agents, have and had the administrative duties, which include adding to, deleting from and arranging content, on the Website.

30. At all times relevant, the Defendants have used, and continue to use the Website as an online vehicle for the commercial and economic advancement of Mr. Meyer and Mr. Meyer's sports wagering clientele.

31. At all times relevant, the Defendants have advertised, and continue to advertise, via the Website, Mr. Meyer's celebrity status, handicapping skills and sports wagering acumen.

32. At all times relevant, the Defendants have and had maintained beneficial control of the Website.

33. No later than February 7, 2010, the Defendants reproduced the Infringement on the Website.

34. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

35. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

36. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 35 above.

37. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

38. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

39. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

40. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

41. The Defendants reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

42. The Defendants created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

43. The Defendants distribute unauthorized reproductions of the Work, via the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

44. The Defendants publicly displayed and continue to displays an unauthorized reproduction of the Work at the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

45. Real Money has willfully engaged in the copyright infringement of the Work.

46. Mr. Meyer has willfully engaged in the copyright infringement of the Work.

47. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

48. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Real Money or Mr. Meyer, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct GoDaddy.com Inc., and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this nineteenth day of May, 2010.

                                              RIGHTHAVEN LLC

                                              By: /s/ J. Charles Coons
                                              STEVEN A. GIBSON, ESQ.
                                              Nevada Bar No. 6656
                                              J. CHARLES COONS, ESQ.
                                              Nevada Bar No. 10553
                                              9960 West Cheyenne Avenue, Suite 210
                                              Las Vegas, Nevada 89129-7701
                                              Attorneys for Plaintiff